ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| and | : | NO. 1:69-CV-12972-RLV |
| CHARLES RIDLEY, et al, | : | |
| Plaintiff-Intervenors, | : | |
| vs. | : | |
| STATE OF GEORGIA, et al (Meriwether County Board of Education), | : | |
| Defendant | : | |

## PETITION OF MERIWETHER COUNTY SCHOOL DISTRICT
## FOR DECLARATION OF UNITARY STATUS

Comes now the Meriwether County School District, acting by and through the Meriwether County Board of Education, and petitions this Court for an order declaring that it has achieved full unitary status, dismissing this case as to Petitioner and releasing it from the supervision of this Court and in support thereof shows the Court the following:



-1-

This desegregation action was originally filed on August 1, 1969 and the Petitioner was one of the eighty-one public school districts in the State of Georgia joined as defendants. In 1973, this Court entered a permanent injunction restraining Petitioner from, among other things, taking any action which would perpetuate the segregation of students or faculty by or within the schools of the district on the basis of race, color or national origin. This order also required Petitioner to allow majority-to-minority transfers. In 1979, the Court placed this case on its inactive docket.

-2-

During the late 1980's, this litigation was reactivated as a result of separate motions by Plaintiff-Intervenors, the United States and other parties attempting to intervene. At the conclusion of a bench trial in 1990, this Court entered an order closing one high school, adopting a student assignment plan proposed by the Petitioner, prohibiting all inter-district and intra-district transfers of students from one school to another and directing certain other action be taken by Petitioner. Despite the Court's order, Petitioner continued to be involved in litigation in this Court and in the courts of Georgia over issues of how many schools to build, the grade configuration of those schools and where those schools should be located.

-3-

In June, 1994, the Board hired a new superintendent, Robert P. Hawk. The Board and the new Superintendent held a referendum to seek public input on the issue of whether to have one or two high schools in the district. The vote in November, 1994 indicated strong community support for maintaining two high schools and, by June, 1995, the Board had unanimously adopted a new facilities plan based on the results of this referendum.

-4-

After more litigation, in orders dated June 27, 1996 and August 21, 1996, this Court approved this facilities and building plan submitted by the Petitioner. Pursuant to this plan, Petitioner reconfigured the schools in the district to create three elementary schools with grades prekindergarten through fifth, two middle schools with grades six through eight and two high schools; closed all six of the existing elementary schools; built three new elementary schools and one new high school; and substantially renovated the other school buildings in the district. To accomplish this, the voters of Meriwether County have approved by large majorities a bond issue in 1996 and subsequent special purpose local sales tax referenda provided for under state law.

-5-

Since the entry of this Court's 1996 orders, all phases of the Petitioner's facilities plan have been completed and Petitioner has complied with all orders of the Court. Any disparity in the racial composition of the student body at each school is the result of the demographic makeup of the county and not of any intentional act on the part of Petitioner.

-6-

Petitioner has demonstrated substantial good faith compliance with the orders of this Court to which it has been subject, including the 1990 order following the bench trial and the 1996 orders. As a result of this compliance and other actions of the Petitioner, it has eliminated all vestiges of past discrimination within the school system to the maximum extent practicable.

-7-

The present composition of the five member Meriwether County Board of Education is three whites and two blacks and this has been the racial composition of the Board since 1985.

-8-

Since 1996, the Meriwether County community has demonstrated its support for the school system and the actions of Petitioner not only by the overwhelming passage of the bond referendum in 1996, but also by the passage of special purpose local option sales tax referenda in 1997 and 2002. There have been no complaints filed, to the knowledge of the Petitioner, by any citizen of the District with the United States Department of Education's Office for Civil Rights or with the Department of Justice alleging any violations of Title VI or any discrimination based on race or national origin.

-9-

On January 8, 2002, the President signed the No Child Left Behind Act which became effective for the beginning of the 2002-2003 school year. Among the many provisions of the Act is a requirement that certain Title I schools not making Adequate Yearly Progress as defined by the State for a certain number of consecutive years must offer all students attending that school the choice of transferring to another school within the district. 20 U.S.C. § 6316(b)(1)(E). The Act contains the following provision:

In the case of a school identified for school improvement under this paragraph, the local educational agency shall, not later than the first day of the school year following such identification, provide all students enrolled in the school with the option to transfer to another public school served by the local educational agency, which may include a public charter school, that has not been identified for school improvement under this paragraph, unless such option is prohibited by State law.

-10-

Final regulations implementing the choice or transfer provisions of the Act were issued by the Secretary of Education on November 26, 2002. 34 C.F.R. 200.44(c)(3) of those regulations reads as follows:

If the desegregation plan forbids the LEA [school district] from offering the transfer option required under paragraph (a)(1) of this section, the LEA must secure appropriate changes to the plan to permit compliance with paragraph (a)(1) of this section.

-11-

Under the State of Georgia's plan to comply with the Act, the following schools in the district are required to offer this transfer option under the Act:

Page 6

Greenville Middle School, Mountain View Elementary School, and Unity Elementary School. Under the terms of the existing orders of this Court, transfers from one school to another within the district are prohibited.

-12-

The granting of the relief sought by Petitioner would permit compliance with the requirements of the No Child Left Behind Act.

-13-

On March 20, 2003, counsel for Petitioner wrote a letter to counsel for the Plaintiff-Intervenors with a copy to the United States Department of Justice, inquiring as to whether either party would have an objection to Petitioner's seeking a unitary status determination from this Court. As of the date of the filing of this Petition, there has been no response indicating an objection from any party to this litigation. The Board of Education has publicly discussed its desire to proceed with a petition in this Court seeking unitary status and has had no objection registered from anyone in the community.

-14-

Petitioner shall continue to operate the school system in compliance with its obligations under the Fourteenth Amendment to the United States Constitution and

all applicable laws of the United States and the State of Georgia so as to avoid any discrimination on the basis of race or national origin in the provision of educational services to the students of Meriwether County.

For the reasons set forth in this Petition, Petitioner respectfully prays that this Court issue its Order declaring that Petitioner has achieved full unitary status and dismissing this litigation as to Petitioner.

                HARBEN & HARTLEY, LLP

                Phillip L. Hartley
                Georgia Bar No. 333987

Suite 750, Wachovia Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Telephone: (770) 534-7341

                Robert Lee Todd, IV by PLH
                Georgia Bar No. 713850 ex prss. pursua-

P. O. Box 663
704 Woodbury Road             Attorneys for Defendant
Greenville, Georgia 30222       Meriwether County Board of
Telephone: (706) 672-4491       Education

## CERTIFICATE OF SERVICE

The undersigned attorney for defendant Meriwether County Board of Education does hereby certify that he has this date served the following with a copy of the within *Petition of Meriwether County School District for Declaration of Unitary Status* by depositing the same into the United States Mail, in a properly addressed envelope with adequate postage thereon.

>Ms. Salliann S. M. Dougherty
>Senior Trial Attorney
>U.S. Department of Justice
>Civil Rights Division
>950 Pennsylvania Ave., NW
>Educational Opportunities Section, PHB
>Washington, DC 20530
>
>Mr. Norman J. Chachkin
>Director of Litigation
>N.A.A.C.P. Legal Defense &
>  Educational Fund, Inc.
>99 Hudson Street, Suite 1600
>New York, New York 10013-2897

This 28th day of August, 2003.

HARBEN & HARTLEY, LLP

_____
Phillip L. Hartley
Georgia Bar No. 333987

Counsel for Defendant Meriwether
County Board of Education

Suite 750 Wachovia Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
(770) 534-7341