ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

SEP 1 8 2003

LUTHER D. THOMAS, Clerk
By J. Drury, Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>       Plaintiff,                )<br>                                 )<br>and                              )<br>                                 )<br>CHARLES RIDLEY, et al.           )<br>                                 )<br>    Plaintiff-Intervenors,       )<br>                                 )<br>v.                               )<br>                                 )<br>STATE OF GEORGIA, et al.         )<br>(Meriwether County Board         )<br>  of Education)                  )<br>                                 )<br>       Defendants.               )<br>_____) | C.A. NO. 1:69-CV-12972-RLV<br>[Judge Vining] |

### INITIAL RESPONSE OF PLAINTIFF UNITED STATES TO PETITION OF MERIWETHER COUNTY SCHOOL DISTRICT FOR DECLARATION OF UNITARY STATUS

Defendant Meriwether County Board of Education (hereafter Meriwether) filed a petition on or about August 28, 2003, seeking this Court's declaration that the school district has now achieved unitary status.

Defendant provides *no legal or factual support* for its petition to enable the parties plaintiff or this Court to determine whether the vestiges of Meriwether's former dual system have been removed. Therefore, the United States opposes Defendant Meriwether's petition for declaration of unitary status *at this time*,[1] and sets forth below (1) the applicable legal standards for determining whether a school district has achieved unitary status; (2)

---

[1] Counsel for the Ridley plaintiff-intervenors joins the United States in opposing a declaration of unitary status at this time.



the current posture of this case; and (3) a proposed schedule for conducting the necessary "unitary status review" of the Meriwether County School District.

## DISCUSSION

Defendant Meriwether's "petition" is merely a brief recitation of the procedural history of this case and the school district's *wholly unsupported claims* of desegregation compliance and a stated desire for dismissal of this case in order to more easily comply with its obligations under the No Child Left Behind Act.

### I. APPLICABLE LEGAL STANDARDS

### A. This Court must apply the prescribed legal standards set forth by the Supreme Court.

The legal standards for achievement of unitary status are well-established by Eleventh Circuit case law and by the Supreme Court. A school district that unlawfully segregated its schools in the past has an affirmative, constitutional duty to remedy that segregation and its effects by taking *"all steps necessary to eliminate the vestiges of the unconstitutional de jure system."* Freeman v. Pitts, 503 U.S. 467, 485 (1992). See also, United States & Ridley v. State of Georgia (Troup County Board of Education), 171 F.3rd 1344 (11th Cir. 1999); Lockett v. Board of Education of Muscogee County, 111 F.3rd 839 (11th Cir. 1997); Lee v. Etowah County Board of Education, 963 F.2d 1416 (11th Cir. 1992). The Supreme Court has stated that a proper resolution of any desegregation case turns on the careful assessment of its facts. Green v. County Sch. Bd., 391 U.S. 430, 439 (1968). The district court must evaluate (1) whether the school districts have "complied in good faith with the desegregation decree [,]" Board of Educ. of Oklahoma City Pub. Sch. v. Dowell, 498 U.S. 237, 249-50 (1991), and complied with the decree for a reasonable

period of time, Freeman, 503 U.S. at 498; (2) whether "the vestiges of past discrimination [have been] eliminated to the extent practicable[,]" Dowell, 498 U.S. at 249-50; and (3) whether the parents, students, and the public have assurances against further injuries and stigma. Freeman, 503 U.S. at 498.

First, the Supreme Court in Freeman, insisted that the district court make a thorough analysis of whether the school board had complied with its good faith obligation. "[A] school system is better positioned to demonstrate its good-faith commitment to a constitutional course of action when its policies form a consistent pattern of lawful conduct directed to eliminating earlier violations." 530 U.S. at 492; Troup County, 171 F.3d at 1344 (citing Lockett, v. Board of Educ. of Muscogee County Sch. Dist.,111 F.3d 839, 842 (11th Cir. Lockett II1997)); Additionally, courts have stated that a school board's future plans may assist the court when evaluating the school's promise to maintain an environment free of discrimination. Dowell v. Board of Educ. of Oklahoma City, 8 F.3d 1501, 1513 (10th Cir. 1993), quoting Brown v. Board of Educ., 978 F.2d 585, 592 (10th Cir. 1992).

Secondly, in determining whether remnants of a dual system have been eradicated, "a school district that was once a dual system *must be examined in all its facets, both when a remedy is ordered and in the later phases of desegregation* when the question is whether the district court's remedial control ought to be modified, lessened, or withdrawn." Freeman, 503 U.S. at 486 (emphasis added). See also Keyes v. School Dist. No.1, Denver, Colorado, 413 U.S. 189, 211 (1973).

Third, not only must the Court examine every facet of the school district's operations, from the students, faculty, and staff, to the transportation, extracurricular activities, and facilities Green, 391 U.S. at 435, but also, notwithstanding the Green factors,

-3-

the Supreme Court considers it appropriate for a district court to identify *other* elements, such as quality of education, to "determine whether minority students [are] being disadvantaged in ways that required the formulation of new and further remedies to ensure full compliance with the court's decree." Freeman, 503 U.S. at 492.

## B. This Court must apply the proper allocation of burdens.

The Supreme Court has placed on the defendant school district the burden of proving compliance with specific desegregation decrees and with demonstrating that they have eradicated *all* remnants of a de jure school system, because the school district is in a position of knowledge and previously was found in violation of the Constitution and applicable federal laws. Freeman, 503 U.S. at 494. For example, in its discussion of student assignments, the Supreme Court stated that "the school district bears the burden of showing that any current imbalance is not traceable in a proximate way to the prior violation." Id.; Dowell, 498 U.S. at 249 (remanding case to district court to determine whether "Board made a sufficient showing of constitutional compliance"); See also Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 26 (1971); Keyes, 413 U.S. 189, 211, n.17 (1973); Dayton Bd. of Educ. v. Brinkman (Dayton II), 443 U.S. 526, 537 (1979); United States v. Fordice, 505 U.S. 717, 739 (1992) (as set forth by Brown and its progeny, the burden of proof falls on the defendant, *"and not the aggrieved plaintiffs*, to establish that it has dismantled its prior de jure segregated system.")(emphasis added). Moreover, the Fifth Circuit further explained the rationale behind placing the burden on the defendant school districts and how the allocation is justified by the anomalous character of desegregation cases:

> In most civil litigation, the burden of proof is on the party seeking to invoke the court's remedial authority. Therefore, the failure to introduce evidence necessary to meet the legal standard would be grounds to dismiss the failure to state a claim. School desegregation cases, however, are an exception. ***The party seeking to escape from the court's remedial authority bears the burden of proving that its actions are not intended to re-establish de jure segregation.***

Valley v. Rapides Parish Sch. Bd., 145 F.3d 329, 334 (5th Cir. 1998) (emphasis added). See also Troup County, 171 F.3d at 1347; Lockett v. Board of Educ. of Muscogee County Sch. Dist., 92 F3d 1092 (11th Cir. 1996); Lee v. Talladega County Bd. of Educ., 963 F.2d 1426 (11th Cir. 1992), cert. denied, Lee v. Talladega Bd. of Educ., 507 U.S. 910 (1993).

Accordingly, although Defendant Meriwether claims that it now has achieved unitary status, the burden of proof remains with the school district to demonstrate that it has complied with this Court's prior orders and has eradicated all vestiges of past discrimination. Troup County, 171 F.3d at 1350; Georgia Conference of Branches of NAACP, 775 F.2d at 1413-14.

## II. THE CURRENT POSTURE OF THIS CASE

### A. Defendant Meriwether must provide factual support in order for this Court to determine unitary status.

Noticeably absent from Defendant Meriwether's "petition" is *any* factual support for its claim of desegregation compliance with *each* of the Green factors regarding school district operation: student assignment, staff assignment, facilities, transportation, and extra-curricular activities, Green, 391 U.S. at 435, or regarding *other* factors, such as quality of education.

### B. A "unitary status review" is a necessary prerequisite to Plaintiffs' informed recommendation to this Court.

As this Court recognized in the Troup County case after that district filed for a declaration of unitary status, at a minimum, this review process should include (1) Meriwether's provision of desegregation-related data regarding *each* of the Green factors for the current and last two school years; (2) on-site visit(s) to the District by the United States to examine each of the school facilities and academic programs and to meet with appropriate school district officials; (3) an opportunity for the Plaintiffs to talk with members of the community; and, if necessary, (4) formal discovery in the form of interrogatories and/or depositions. Therefore, the most expedient way for Defendant Meriwether to reach its desired goal is to *assist* the Plaintiffs in making an informed recommendation to this Court regarding the District's compliance by allowing an appropriate "unitary status review." This is especially the case herein since the district has not been required to file reports to the court detailing such information.

As this Court required in the Troup County case, upon completion of the requisite "unitary status review," Plaintiffs would be required to file their detailed, supplemental response to Meriwether's petition for declaration of unitary status specifically identifying any areas of school district operation in which they contend that Defendant has not achieved unitary status . Thereafter, this Court should schedule an evidentiary hearing to determine whether the District now may be declared to have achieved unitary status with regard to *any* of the Green factors, and to the extent that desegregation compliance issues remain to be resolved, to determine the appropriate course of action in order for Meriwether to achieve necessary desegregation compliance. Troup County 171 F.3d at 1351.

## CONCLUSION

For the reasons stated herein, *inter alia,* Meriwether's failure to provide the application of the prescribed legal standards and the careful assessment of the facts required to enable the Court to determine whether the District has achieved unitary status, the United States opposes the instant petition, *at this time.* Additionally, so that the United States and the Ridley plaintiff-intervenors may make a fully informed recommendation to this Court regarding whether Defendant Meriwether has complied fully with this Court's prior orders and applicable federal law, Plaintiff respectfully urges this Court to grant a reasonable period of time for appropriate discovery and to file substantive responses to Defendant's petition. A proposed scheduling order is attached for the Court's consideration.

Respectfully submitted,

RICHARD H. DEANE, JR.
United States Attorney
Northern District of Georgia

R. ALEXANDER ACOSTA
Assistant Attorney General
Civil Rights Division

CURTIS E. ANDERSON
Chief, Civil Division
United States Attorney's Office
Georgia Bar No. 016650

FRANZ R. MARSHALL
SALLIANN S. M. DOUGHERTY
Attorneys
Educational Opportunities Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Patrick Henry Building
Washington, D.C. 20530