IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 1 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  Plaintiff )<br> )<br> )<br>CHARLIE RIDLEY, et al. )<br>  Plaintiff-Intervenors )<br> )<br>vs. )<br> )<br>STATE OF GEORGIA )<br>(Meriwether County Board of Education) )<br>  Defendants. )<br> ) | Civil Action No. 1:69-CV-12972-RLV |

UNITED STATES' RESPONSE TO DEFENDANTS' MOTION
FOR DIRECTION WITH RESPECT TO
"NO CHILD LEFT BEHIND" ACT

The United States, plaintiff herein, respectfully responds to the Meriwether County Board of Education's, defendants herein, Motion for Direction with respect to the transfer provisions of the "No Child Left Behind Act" (NCLB) filed with this Court on August 8, 2005, and supplemented on August 19, 2005.

1. The United States submits a conflict between the provisions of this Court's orders in this case and the provisions of NCBL did not exist at the time of the filing of the defendants' motion. The United States suggest that this Court await the appearance of an actual conflict before attempting to resolve this issue.

2. While both the defendants and the plaintiff-intervenors suggest that this Court modify a federal law or exempt the defendants from complying with a federal law, should a conflict arise it may be possible to resolve the issue without such drastic action, forcing students to continue to

attend a school in need of improvement. If the number of students seeking a transfer is small the issue could be resolved simply by modification of this Court's order allowing the small number of students to transfer.

3. If the number of students seeking transfers is sufficient to create a significant adverse effect on the desegregation process then it may be appropriate to consider the suggestion of the plaintiff-intervenors

4. The United States submits that exempting the defendants from complying with a federal law is a severe step to be considered only in the extreme circumstances where alternatives do not exist.

## CONCLUSION

For the foregoing reasons, the United States suggest that this Court determine whether an actual conflict exists between the provisions of NCBL and this Court's prior orders prior to adopting the proposal of the plaintiff-intervenors or denying the defendants' motion.

Respectfully submitted,

BRADLEY J. SCHLOZMAN
Acting Assistant Attorney General
Civil Rights Division

FRANZ R. MARSHALL
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
Patrick Henry Building, Suite 4300
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 514-4092

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing, United States' Response to Defendant's Motion For Direction With Respect to No Child Left Behind Act, has been sent, by regular mail on August 29, 2005 to the following counsel of record:

>Martha M. Pearson, Esq.
>Harben & Hartley, LLP
>Suite 750, Wachovia Center
>340 Jessie Jewell Parkway
>Gainesville, GA 30222
>
>Robert Lee Todd, IV, Esq.
>704 Woodbury Road
>Greenville, GA 30222
>
>Norman J. Chachkin
>NAACP Legal Defense and
>  Educational Fund, Inc.
>99 Hudson Street, 16h Floor
>New York, NY 10013

FRANZ R. MARSHALL

Date: August 29, 2005