FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 0 5 2005

LUTHER D. THOMAS, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,      :
                               :
            Plaintiff,         :
                               :
      and                      :
                               :
CHARLES RIDLEY, et al.,        :    CIVIL ACTION
                               :
            Plaintiffs-Intervenors;
                               :    No. 1:69-cv-12972-RLV
                               :
STATE OF GEORGIA, et al.,      :
(MERIWETHER COUNTY BOARD OF    :
EDUCATION),                    :
                               :
            Defendants.        :

## O R D E R

This matter is before the court on Meriwether County School District's Motion for Direction with Respect to Transfer Provisions of "No Child Left Behind" [Doc. No. 341].

The choice provisions of the No Child Left Behind Act, 20 U.S.C. § 6301 et seq., require a school district to permit students attending a school designated "needs improvement" to transfer to other schools not so designated.  However, the Consent Decree entered by this court on October 21, 2004, prohibits transfers between different attendance zones.  The School District has asked for guidance with respect to its conflicting duties and obligations.

As an initial matter, the court notes that the United States takes the position that no actual conflict exists and that the court should wait and see if a significant number of students seek transfers under the Act. By waiting, the court would not be forced to choose between enforcing the Act and enforcing its Consent Decree. Although this option has superficial appeal, it ignores the fact that when a school "is identified for school improvement," the school district must "provide all students enrolled in the school with the option to transfer to another public school served by the local educational agency." 20 U.S.C. § 6316(b)(1)(E). This notice requirement has already been triggered in Meriwether County. Thus, the School Board is already obligated under the Act to notify students enrolled in Greenville Middle School that they have the option to transfer to another school even though this court's Consent Decree prohibits such transfer.

The court concludes that there is an actual conflict between the Act and the court's Consent Decree. Moreover, since the court's Consent Decree was grounded in the constitution, it necessarily trumps the statutory requirements of the Act. Consequently, this court holds that the Meriwether County School District must comply with the requirements of the Consent Decree and is not obligated to offer the transfer option to students

attending schools designated as needing improvement during the remaining two years specified in the Consent Decree.

SO ORDERED, this 5TH day of October, 2005.

ROBERT L. VINING, JR.
Senior United States District Judge

3