**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**CHARLIE RIDLEY, et al.,**<br>**Plaintiff Intervenors,**<br>**v.**<br>**STATE OF GEORGIA, et al.,**<br>**(Barrow County, Georgia),**<br>**Defendants.** | **CASE NO. 1:69-CV-12972** |

**UNOPPOSED MOTION FOR UNITARY STATUS AND DISMISSAL WITH PREJUDICE**

Plaintiff the United States of America (the "United States"), respectfully submits this Unopposed Motion for Unitary Status and Dismissal of this action with prejudice as to Defendant Barrow County Georgia, Board of Education, and respectfully requests that the court enter the Order appended hereto. Defendant Barrow County Georgia, Board of Education does not oppose the United States motion. In support, the United States states:

**Procedural History**

1. The United States filed the original complaint in this case on August 1, 1969, against the State of Georgia, officials of the State, and 81 public school districts, including the Barrow County School Board and the City of Winder, Georgia. Plaintiff-Intervenors joined the action to address statewide issues on behalf of black students. The United States and Plaintiff-Intervenors alleged that Defendants operated racially dual systems of public education in

violation of the Fourteenth Amendment and Title IV of the Civil Rights Act of 1964, 42 U.S.C. § 2000-6.

2. On December 17, 1969, the Court entered a detailed regulatory injunction ("Regulatory Injunction") requiring each of the individual school districts to establish a fully desegregated school system in compliance with *Brown v. Board of Education*, 34 7 U.S. 483 (1954).

3. In 1970, the Barrow County School Board and the City of Winder School Board officially consolidated to create a unified Barrow County School District (hereinafter referred to as "Barrow County").

4. On July 23, 1973, the Court dissolved the Regulatory Injunction for several school districts, including the Barrow County School District, and replaced it with a permanent injunction ("1973 Injunction"). A copy of the Court's July 23, 1973 Injunction is attached as Exhibit A

5. The 1973 Injunction requires each of these school districts to: take no action that tends to segregate students, faculty or staff by school on the basis of race, color or national origin; hire, assign, promote, pay, demote and dismiss administrative staff and staff members that work directly with children without regard to race, color or national origin; assign bus routes and students to buses in a non-segregated and non-discriminatory manner; perform school construction, consolidation, and site selection in a manner that will prevent the recurrence of a dual school structure; and permit student transfers on a nondiscriminatory basis and in a manner that does not cumulatively reduce desegregation in the affected districts.

6. The 1973 Injunction placed this case, with respect to Barrow County (and others counties) on the Court's inactive docket. *See* 1973 Injunction at 8.

7. For more than 52 years since the entry of the 1973 Order, because of the good faith compliance by Barrow County, no litigation between Plaintiff United States and Barrow has occurred.

8. The United States Department of Justice, Civil Rights Division (the "Division") has periodically reviewed Barrow County for compliance with the 1973 Order.

9. In March 1988, the United States proposed a Joint Motion to Dismiss as to Barrow County upon the Division's receipt of certain 1987-1988 enrollment and faculty data. For reasons not presently known, the Parties did not proceed with such a motion at that time.

10. Though this case is on this Court's inactive docket, the Court has periodically dismissed certain school districts from the Court's 1973 Injunction, including Rome County (2000), Troup County (2003), the City of Decatur (2007), Walker County (2008), Newtown County (2008) and Coweta County (2019). *See, e.g.*, DI 380 (Agreed Order of Dismissal, Mar. 27, 2019, Coweta County).

11. Based on a comprehensive review of the information provided by the District to the United States periodically over the last 52 years, the United States concludes that the District has become unitary with respect to each of the *Green* factors: (1) student assignment, including school assignment, student transfers and classroom assignment; (2) faculty and staff, including faculty assignment and faculty hiring; (3) transportation; (4) facilities; and (5) extracurricular activities and that this Court's 1973 Order has been fully complied with.

12. In approximately July 2001 and March 2009, with the cooperation of Barrow County, the Division gathered and analyzed data and information to determine compliance with respect to each of the *Green* factors. The Division's analyses of this data concluded that no issues or concerns were found.

13. Table 1, below, shows the racial breakdown of students in Winder City and Barrow County schools for the 1968-1969 school year (before the United States' desegregation enforcement was commenced) approximated to the nearest percentage:

| Table 1 – Racial Breakdown of Students School Year 1968-1969 | | | |
|---|---|---|---|
| **Barrow County Schools** | **Grades** | **Black** | **White** |
| Auburn Elementary School | 1-8 | 0 | 100% |
| Bethlehem Elementary School | 1-8 | 2% | 98% |
| County Line Elementary School | 1-8 | 0 | 100% |
| Holsinbeck Elementary School | 1-8 | 0 | 100% |
| Statham Elementary School | 8 | 5% | 95% |
| District-wide Total: | | 2% | 98% |
| | | | |
| **Winder City Schools** | **Grades** | **Black** | **White** |
| Glenwood Elementary & High School | 1-12 | 100% | 0 |
| Winder Lower Grammar School | 1-3 | 5% | 95% |
| Winder Upper Grammar School | 4-8 | 6% | 94% |
| Winder-Barrow High School | 9-12 | 2% | 98% |
| District-wide Total: | | 33% | 67% |

14. Table 1 shows that in 1968-1969, most of the schools in Barrow County and Winder City deviated significantly from the countywide averages in terms of racial composition of the student body. This included two schools that were 100% Black, and eight schools that were nearly 100% White.

15. Table 2, below, shows the racial breakdown of students in Barrow County schools in the 2025-2026 school year, approximated to the nearest percentage[1]:

| Table 2 – Racial Breakdown of Students School Year 2025-2026 | | | | | |
|---|---|---|---|---|---|
| School | Grades | Black | White | Hispanic | Other |
| Holsinbeck Elementary School | PK-5 | 8% | 54% | 26% | 12% |
| County Line Elementary School | PK-5 | 7% | 56% | 26% | 11% |
| Bramblett Elementary School | PK-5 | 7% | 57% | 25% | 11% |
| Yargo Elementary School | PK-5 | 23% | 39% | 27% | 11% |
| Kennedy Elementary School | PK-5 | 16% | 38% | 33% | 13% |
| Russell Middle School | 6-8 | 12% | 49% | 26% | 13% |
| Bear Creek Middle School | 6-8 | 14% | 50% | 26% | 10% |
| Haymon-Morris Middle School | 6-8 | 19% | 46% | 26% | 9% |
| Westside Middle School | 6-8 | 15% | 36% | 37% | 12% |
| Barrow Arts & Sciences Academy | 9-12 | 12% | 57% | 20% | 11% |
| Apalachee High School | 9-12 | 19% | 42% | 31% | 8% |
| Winder-Barrow High School | 9-12 | 15% | 49% | 26% | 10% |
| District-wide Total: | | 15% | 47% | 27% | 11% |

[1] Current data gathered from https://www.niche.com/k12/d/barrow-county-schools-ga/ which sources its data primarily from U.S. Department of Education, the National Center for Education Statistics (NCES).

16. Table 2 shows that for the 2025-2026 school year, demographics at each school are well within the +/- 20% of the district's racial totals at all of Barrow County Schools. *United States v. State of Ga., Meriwether Cnty.*, 171 F.3d 1333, 1338 (11th Cir. 1999).

17. Based on the analysis above regarding student racial composition and other analyses by the United States of student assignment; faculty and staff; transportation; facilities and extracurricular activities, the continuous good faith efforts of Barrow County, and the long period of oversight, the United States concludes, that the vestiges of the prior de jure segregation have been eliminated to the extent practicable.

**Unitary Status**

18. In view of the conclusion of the United States' investigation, the United States and Barrow County stipulate that the District has eliminated the vestiges of the prior de jure segregation to the extent practicable and achieved unitary status.

19. "From the very first, federal supervision of local school systems was intended as a temporary measure to remedy past discrimination." *Bd. of Educ. of Oklahoma City Public Schools v. Dowell*, 498 U.S. 237, 247 (1991). This is the case partly because "[n]o single tradition in public education is more deeply rooted than local control over the operation of schools," *Milliken v. Bradley*, 418 U.S. 717, 741 (1974), and also because it was never the purpose of the federal courts' desegregation jurisprudence to "condemn a school district, once governed by a board which intentionally discriminated, to judicial tutelage for the indefinite future," *Dowell*, 498 U.S. at 249.

20. When local school authorities demonstrate that they have complied in good faith with a district court's desegregation decree and that vestiges of their prior illegal racial discrimination have been eliminated to the extent practicable, the school system has attained

unitary status and the court must return control over the school system to the local school authorities. *Lee v. Talladega County Board of Education*, 963 F.2d 1426, 1430 (11th Cir. 1992).

Wherefore, the United States requests this Court grant the United States unopposed Motion to declare the Barrow County School District unitary, dissolve all remaining injunctions against the Defendants, and dismiss this case with prejudice.

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

HARMEET K. DHILLON
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

By: s/ Peter M. Feaman (by jjs)

PETER M. FEAMAN
Senior Counsel
BRIAN L. REPPER
Trial Attorney
Commonwealth of Virginia Bar No. 90254
JOSEPH J. SPERBER IV
State of New York Bar No. 2662526
Trial Attorney
Educational Opportunities Section
Civil Rights Division
United States Department of Justice
4CON, Room 9-1126
150 M Street, N.E.
Washington, D.C. 20530
Telephone: (202) 598-9249
Facsimile: (202) 514-8337
Email: joseph.sperber@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 21, 2026, the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system and that I served the foregoing upon Defendants the Barrow County, Georgia Board of Education, the Barrow County School District and the Barrow County School Superintendent by sending a copy of foregoing via electronic mail to counsel for Barrow County:

Daniel Robert Murphy
Daniel R. Murphy, P.C.
P.O. Box 1048
Winder, GA 30680
770-653-8778
Danmurphy_1@msn.com
Counsel for Defendants

By: *s/ Joseph John Sperber IV*
Joseph John Sperber IV
Trial Attorney